DA 07-0391

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 120N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES OSBORNE McFARLANE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC 1995-3680
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Charles Osborne McFarlane (Pro Se), Deer Lodge, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

          Wyatt Glade, Custer County Attorney, Erin T. Inman, Special Deputy
County Attorney, Miles City, Montana

Submitted on Briefs:  March 19, 2008

Decided:  April 9, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Charles Osborne McFarlane pleaded guilty on July 28, 1995, pursuant to a plea agreement, to three counts of felony burglary, two counts of felony theft, and one count of misdemeanor theft.  These offenses were committed in August, October, and November 1994.  The District Court for the Sixteenth Judicial District, Custer County, sentenced McFarlane on each felony to the Department of Corrections ("DOC") for a term of ten years, with five years suspended, said sentences to run concurrently, and on the misdemeanor to the Custer County Jail for six months, all suspended.  In addition, the court ordered McFarlane to pay restitution in the amount of $7,945.00.  On January 5, 2000, the District Court revoked McFarlane's probationary sentence and sentenced him to the DOC for a term of five years.  The court stated that McFarlane remained subject to the conditions previously placed upon him by the court.

¶3      On April 23, 2007, McFarlane filed a Petition for Clarification of Judgment.  He asserted that he discharged his sentence on April 5, 2002; that during the course of serving his sentence, he paid a total of $1,240.50 on his restitution obligation; and that "no mention was ever made to McFarlane [at the time of his April 5, 2002 discharge] that he was still obligated to pay any or all of the remaining portion of his restitution that had

2

not been paid." To the contrary, McFarlane asserted, the DOC issued him a Notice of Discharge, which stated that he had "fulfilled all the requirements imposed upon him toward his sentence by the laws of the State of Montana, and received a full and complete discharge from his Custer County sentence." Thus, according to McFarlane, "[a]s a result of the full discharge of these sentences," he "no longer holds any obligations to the remaining (outstanding) portion of his obligation to said restitution."

¶4 McFarlane further stated that on July 1, 2006, he had been sentenced on a separate matter to 20 years, with 15 years suspended, but that "he was not order[ed] to pay any kind or amount of money on this new charge of burglary." Yet, upon entering the Montana State Prison, the DOC began garnishing his earned income from prison employment to pay down the restitution balance on his 1995 sentence, notwithstanding the fact that the sentence had been "discharged" in 2002. McFarlane requested that the District Court order the DOC "to cease garnishment of McFarlane's wages and to reimburse all sums collected since July 1, 2006."

¶5 The State filed a response to McFarlane's petition, contending that under § 46-18-241, MCA, McFarlane's restitution obligation still existed. The State further contended that the term "discharge" in the April 5, 2002 Notice of Discharge did not apply to his restitution obligation. The District Court denied McFarlane's petition on June 7, 2007, based on the State's arguments.

¶6 On appeal, McFarlane renews the arguments set forth in his petition and summarized above. In addition, he relies on our unpublished decision in *State v. Dickerson*, 2006 MT 197N, although *Dickerson* is not to be cited as precedent, *see*

3

*Dickerson*, ¶ 1. In response, the State, relying on §§ 46-18-237, -241, -244(6)(a), and -249, MCA, argues that McFarlane's restitution obligation still exists and that the DOC has authority to garnish his prison wages for the purpose of paying down that obligation.

¶7 We addressed this issue, under the same basic facts, in *State v. Brown*, 2008 MT 115, ___ Mont. ___, ___ P.3d ___. We held that Brown's restitution obligations were not "discharged" or otherwise "fulfilled" by virtue of the Notice of Discharge issued to him by the DOC. *Brown*, ¶ 19. Furthermore, we held that the DOC was authorized to take a percentage of Brown's prison wages and other money in his DOC account for purposes of paying down his restitution obligations. *Brown*, ¶ 25. Thus, we reversed the District Court's orders, which had instructed the DOC to cease garnishing Brown's prison wages and to return funds it had collected from Brown since the date of the Notice of Discharge. *Brown*, ¶¶ 26-27.

¶8 Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. *Brown* clearly controls the resolution of the instant appeal. Accordingly, we hold that the District Court did not err in denying McFarlane's Petition for Clarification of Judgment.

¶9 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE

4

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS